JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
MARTRADE SHIPPING & TRANSPORT GMBH

                Plaintiff,

      -against-

GABRO INTERNATIONAL AG

                Defendant.
---------------------------------------x

**07 CIV 7994**

ECF

**VERIFIED COMPLAINT**

Plaintiff, MARTRADE SHIPPING & TRANSPORT GMBH, (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, GABRO INTERNATIONAL AG, (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under the laws of Germany with an address at Jan-Wellem-Platz 3, 40212 Duesseldorf, Germany.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity,

organized under, and existing by virtue of the laws of a foreign country, with an address at Poststrasse 18 - CH-6300 Zug Switzerland.

### DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. Plaintiff and Defendant entered into a voyage charter party on October 26, 2006, to carry a part cargo of 5695 metric tons of wire rods in coils, 2% more or less in Plaintiff's option, from Huangpu, China, to Jebel Ali, Dubai aboard the M/V Lok Prem (the "Charter Party").

6. Defendant advised Plaintiff that it would be unable to load the full amount of cargo which it had contracted to load. Plaintiff in an attempt to accommodate the Defendant, agreed with Defendant to amend the Charter Party and to carry the full amount cargo on a different vessel, the M/V Agios Nektarios, which would report at a later date to the loading port and thereby allow Defendant additional time to complete its arrangements to load a full cargo.

7. Defendant, however, breached the Charter Party and failed to load a full cargo aboard the M/V Agios Nektarios.

8. As a result of Defendant's breach of charter, Plaintiff sustained deadfreight, that is, damages for loss of freight, in the amount of $155,336.69.

9. Pursuant to the terms of the Charter Party, Plaintiff commenced arbitration in London, England, to recover its claim for deadfreight.

10. After Plaintiff had commenced arbitration, the parties agreed to settle the dispute by Defendant paying the sum of $130,000 in four installments.

11. Defendant, however, breached the settlement agreement by failing and refusing to pay the first installment.

12. Plaintiff has now re-commenced arbitration in London to recover the full amount of deadfreight due as a result of Defendant's failure to load a full cargo.

13. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $155,336.69, so near as the same can be presently estimated. In addition Plaintiff is entitled to recover interest, attorneys' fees and costs as set forth below.

### PLAINTIFF'S DAMAGES

14. Interest costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $155,336.69 |
| B. | Interest, arbitration fees and attorneys' fees: | $ 44,663.31 |
|   | Total: | $200,000.00 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the

Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

      **WHEREFORE,** Plaintiff prays:

      A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

      B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $200,000.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear

5

and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        September 10, 2007

                    CARDILLO & CORBETT
                    Attorneys for Plaintiff
                    MARTRADE SHIPPING & TRANSPORT GMBH

By: _____
     Tulio R. Prieto (TP 8455)

     Office and P.O. Address
     29 Broadway, Suite 1710
     New York, New York 10006
     Tel: (212) 344-0464
     Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to before me this
10th day of September, 2007

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011